UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JACK HARKNESS and
REGINA HARKNESS,

        Plaintiffs,                           Case No.  1:11-CV-505

-vs-                                         HON.  GORDON J. QUIST

WELLS FARGO HOME
MORTGAGE, INC.,

        Defendant.
_____/

**OPINION**

Plaintiffs, Jack and Regina Harkness, proceeding *pro se*, sued Defendant, Wells Fargo Home Mortgage, Inc., in state court alleging that Wells Fargo failed to properly apply a mortgage payment to the balance due on their mortgage, which, among other things, negatively affected their credit scores.  Wells Fargo removed the action to this Court on May 17, 2011, asserting federal question jurisdiction.  Plaintiffs have filed a motion to remand.  For the reasons set forth below, the Court will grant Plaintiffs' motion and remand the matter.

I. BACKGROUND

The complaint is divided into two sections: one entitled "Statement of Facts" and the other entitled "Judgement and Relief."  As set forth in the former, the facts giving rise to this case are as follows.  Wells Fargo holds a mortgage on Plaintiffs' real property located in Alto, Michigan.  On or about September 10, 2010, Plaintiffs mailed Wells Fargo a check for the September mortgage payment, which was due on September 14, 2010, but it seems Wells Fargo never received the check

as it had not cleared Plaintiffs' bank account by the end of September and Wells Fargo began calling Plaintiffs attempting to collect the September payment. In order to bring their account up to date, Plaintiffs mailed two checks in early October. Although both checks cleared Plaintiffs' bank account by October 19, 2010, it appears that Wells Fargo had applied only one to the mortgage balance due and placed the other in escrow. Although Plaintiffs requested that Wells Fargo withdraw the money from the escrow account and apply it to the mortgage balance due, and Wells Fargo verbally agreed to do so, the issue has yet to be resolved. In addition, Plaintiffs have asked Wells Fargo to provide them with an itemized statement of account, but Wells Fargo has yet to provide one. Wells Fargo has also reported derogatory credit information relating to the "missing" mortgage payment to all three credit bureaus, which, Plaintiffs allege, has destroyed both of their credit scores. Finally, Plaintiffs also believe that Wells Fargo has likely been charging them late fees and other penalties, but because they have yet to receive an itemized statement of account, they cannot be sure.

As a result, the "Judgment and Relief" section of the complaint requests that the court "order" Wells Fargo to do the following: (1) remove funds from the escrow account and properly apply them to the mortgage payment due; (2) reverse and remove all late fees or other fees dating from September 2010, to present; (3) re-age the mortgage account as necessary in order to show good and proper standing on the account; (4) provide Plaintiffs an itemized statement of account; (5) remove any derogatory credit information relating to the "missing" September payment that has been reported to all three credit bureaus for both Plaintiffs; and (6) pay all costs, fees, and interest and any other damages allowed by law. Finally, the last request is that the court "refer" this case to the Michigan Attorney General's office for investigation and perhaps, prosecution, "with particular interest in (a) the disposition of the moneys retained 'in escrow' (ie, were these moneys

used for other income-generating activities of the financial institution or verifiably placed in escrow) and (b) institutional abuse of the FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et. seq." (Compl. 8.)

## II. Discussion

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Removal statutes are thus strictly construed to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

Wells Fargo removed on the basis of federal question jurisdiction, contending that Plaintiffs are seeking relief under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"). The existence of federal question jurisdiction is determined by examining the plaintiff's well-pleaded complaint. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983). Under this rule, the plaintiff is the master of his claim and can avoid federal court jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1997). Where the plaintiff relies exclusively on state law to establish his claim, removal is not permitted even where the claim is subject to a federal defense. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

The Court finds that these *pro se* Plaintiffs intended for their claims to be grounded in state law, not the FCRA. First, the mere fact that the complaint mentions the FCRA does not, in of itself, convert the complaint into a removable action. *See, e.g.*, *Pullen-Walker v. Roosevelt Univ.*, 405 F. App'x 46, 48-49 (7th Cir. 2010) (finding that a complaint alleging breach of contract, which happened to contain a passing reference to a federal statute, did not, by virtue of that fact alone, become removable); *Barash v. Ford Motor Credit Corp.*, No. 06-CV-6497 (JFB) (ARL), 2007 WL 1791656, at *4 (E.D.N.Y. June 20, 2007) (holding that, where the complaint seeks damages on the basis of state law, the mere mention of a federal claim or federal statute does not make the case removable). Absent complete preemption or application of the substantial-federal-question doctrine, neither of which apply here, the plaintiff is master of his claim and may avoid federal jurisdiction by relying exclusively on state law even where a federal claim is also available. *Dunlap v. G & L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

Second, even where the complaint does mention the FCRA, it does so only in the context of a request to have the matter *referred* to the Michigan Attorney General's office for investigation. Plaintiffs do not directly assert a claim under the FCRA, and again, the mere fact that they *could* have is irrelevant. *Id.*; *see also Reed v. Chase Home Fin., LLC*, No. 10-0606-WS-M, 2011 WL 321737, at *5 (S.D. Ala. Jan. 28, 2011) (remanding where the complaint raised only state law claims, including one for slander/defamation due to the defendants' reporting false information to credit bureaus, explaining that the fact that they could have stated a viable FCRA claim is "irrelevant").

Finally, and most importantly, a reasonable review of the complaint demonstrates that, by and large, Plaintiffs seek injunctive relief. They want the Court to *order* Wells Fargo to withdraw the money from the escrow account and apply it to the loan balance, provide an accounting, refund

any fees, and remove any derogatory credit information from their credit reports, etc. Yet, Plaintiffs would most likely not to be entitled to such relief under the FCRA. Although the Sixth Circuit has not ruled on the issue directly, the Fifth Circuit and numerous district courts, both within the Sixth Circuit and outside of it, have held that injunctive relief is not available to private litigants under the FCRA. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (no right for private litigants to obtain injunctive relief under the FCRA); *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 WL 2805278, at *3 (E.D. Mich. June 23, 2010) (same); *Khalil v. Transunion, LLC*, No. 08-10303, 2009 WL 804165, at *1 (E.D. Mich. Mar. 25, 2009) (same); *Hintz v. Experian Info. Solutions, Inc.*, No. 3:10CV535-HEH, 2010 WL 4025061, at *6 (W.D. Va. Oct. 13, 2010) (same).

Because the FCRA would not entitle Plaintiffs to the relief they seek, and because the removal statute is to be construed strictly with close calls resolved against removal, the Court finds that Wells Fargo has failed to meet its burden of establishing federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' motion to remand.

A separate Order will issue.

Dated: July 5, 2011                                /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE